## STATE ex rel. PERKINS v. SNEED, State Treas.

No. 18503.   Opinion Filed May 13, 1930.

Edward Hirsh, Leon S. Hirsh, and A. P. Van Meter, for plaintiff in error.

Edwin Dabney, Atty. Gen., and V. P. Crowe and Ralph G. Thompson, Assts. Atty. Gen., for defendant in error.

CLARK, J.   This cause presents error from the district court of Oklahoma county, wherein plaintiff in error was plaintiff below and defendant in error was defendant below.   Chapter 129, Session Laws 1925, was an act for the purpose of regulating real estate business in Oklahoma, and cre-

ated a Real Estate Commission. And among other things made it unlawful for a person to make a single transaction in real estate for others without a license, excepting attorneys in fact, receivers, or trustees. This act was held unconstitutional by the Criminal Court of Appeals. The relator herein, who was secretary of the Commission, attempted to purchase stamps. A voucher with which said relator was to purchase the stamps was presented to the State Treasurer for payment. Payment was refused, and relator then went into district court and endeavored by mandamus to compel the State Treasurer to pay the voucher. The writ was denied by the lower court, and the cause was brought here for review. This act was construed by the Criminal Court of Appeals in Ex parte Pope, 33 Okla. Cr. 5, 242 Pac. 290. The first, second, third, and fourth paragraphs of the syllabus read as follows:

1. "In the exercise of the police power of the state, within constitutional limitations the Legislature may regulate the occupation of real estáte brokers, and, as a part of such regulation, may require real estate brokers to procure a license before acting as such, and may limit the granting of such license to persons who are honest and of good repute, as ascertained by a board or commission, with executive and judicial authority to determine such qualifications."

2. "The legislative authority given by chapter 129, Session Laws of Oklahoma 1925, to the Real Estate Commission to collect and assemble funds in unknown amounts and to pay out and distribute the same to themselves and their employees, and for sundry other indefinite expenses without supervision, is not an 'appropriation' within the meaning of section 55, art. 5, of the Constitution of Oklahoma."

3. "The Real Estate Commission Act (chapter 129, Session Laws of Oklahoma 1925) created no special fund subject to public supervision or otherwise. Such act made no valid appropriation of funds, within the meaning of our Constitution. It is against public policy to operate a department of state not supported by public funds, pursuant to a valid appropriation. For all of these reasons, the whole act is inoperative and void."

4. "An 'appropriation' is authority of Legislature, given at proper time and in legal form to proper officers, to apply distinctly specified sum from designated fund out of treasury in given year for specified object or demand against state (citing Words and Phrases, Second Series, 'Appropriation of Public Money')."

Plaintiff in error contends that the Criminal Court of Appeals was in error and without jurisdiction to hold the act creating the Oklahoma Real Estate Commission invalid and unconstitutional. We have carefully examined the opinion of the Criminal Court of Appeals, and we are not disposed to disturb that holding. A similar act of the Legislature was before this court in State ex rel. Short, Atty. Gen., v. Riedell, 109 Okla. 35, 233 Pac. 684. The first and second paragraphs of the syllabus read as follows:

1. "House Bill No. 204, Session Laws of 1917 c. 5, known as the Accountancy Act (article 10, c. 87, Comp. Stat. 1921), in so far as it prohibits uncertified accountants from holding themselves out as professional or expert accountants or auditors for compensation or engaging in the practice of that profession, is in conflict with the spirit and express provision of the Constitution and void, in this, that it abridges the right of private property and infringes upon the right of contract in matters purely of private concern bearing no perceptible relation to the general or public welfare, and thereby tends to create a monopoly in the profession of accountancy for the benefit of certified accountants, and denies to uncertified accountants the equal protection of the laws and the enjoyment of the gains of their own industry."

2. "Term 'police power' comprehends power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding, and advancement of the public weal and public interests. It is exclusively for protection of public welfare, and cannot be fairly invoked except to promote the public convenience, general prosperity, public health or public safety. It is an attribute of sovereignty inherent in every sovereign state."

The act in question, creating an Oklahoma Real Estate Commission, can only be enforced by the enforcement of the penalties for the violation thereof, and the final determination of the criminal statutes of this state being vested in the Criminal Court of Appeals, its authority to declare an act of the Legislature providing penalties unconstitutional will not be disturbed by this court. It would create an intolerable condition should this court, after the Criminal Court of Appeals had passed on an act involving penalties for violations of the law and held the same unconstitutional, exercise its jurisdiction to declare the same constitutional. As in the case at bar, if this court should declare this act constitutional, and a person was arrested and convicted for the violation of this act and the Criminal Court of Appeals, following its previous

144

holding, should release him, then there would be a conflict between the two courts, each acting within its jurisdiction. It is a principle of general jurisprudence that courts of concurrent or co-ordinate jurisdiction will follow the deliberate decisions of each other, in order to prevent unseemly conflicts, and to preserve uniformity of decision and harmony of action. See Oglesby v. Attrill (C.C.) 14 F. 214; Wakelee v. Davis (C.C.) 44 F. 532.

But the rule itself, and a careful observance of it, are essential to the prevention of unseemly conflicts, to the speedy conclusion of litigation, and to the respectable administration of the law, especially where courts are called upon to act in the same cases or determine the constitutionality or unconstitutionality of the same act of the Legislature. It is unavoidable that the opinions of several judges upon many doubtful questions which are constantly arising should sometimes differ, and a rule of practice which would permit the Criminal Court of Appeals in a criminal action to declare an act of the Legislature unconstitutional, and the Supreme Court in a civil action to declare the same act constitutional, would be intolerable. It would create a conflict that would be detrimental to the administration of justice in this state. And, as a matter of comity between courts, this court should and will refrain from creating such a condititon in this state by failing or refusing to respect the final judgment of the Criminal Court of Appeals. Many cases are cited by plaintiff in error to sustain her contention, but none of them present the state of facts and a condition such as presented in this cause.

The judgment of the trial court should be, and is, affirmed.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., concurs in conclusion. MASON, C. J., and HUNT and RILEY, JJ., absent.

Note.—See "Courts," 15 C. J. § 309, p. 922, n. 15.