**Elmer W. WOODS, Petitioner,**

v.

**The STATE BOARD OF EQUALIZATION et al., Respondents.**

**No. 47087.**

Supreme Court of Oklahoma.

Dec. 21, 1973.

Wm. F. Latting, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., Marvin C. Emerson, First Asst. Atty. Gen., Odie A. Nance, Asst. Atty. Gen., for respondents.

Speck, Philbin, Fleig, Trudgeon & Lutz, by Jon H. Trudgeon, Oklahoma City, for Higher Education Alumni Council of Oklahoma, amicus curiae.

IRWIN, Justice:

The State Board of Equalization included as an itemized estimate of revenues for the fiscal year ending June 30, 1975, the State's estimated share of the funds appropriated by the United States Government under the provisions of a Federal enactment generally known as the "Revenue Sharing Act of 1972."

In this original proceeding, Petitioner, a taxpayer, seeks a Writ of Prohibition prohibiting the Board from certifying or filing its estimate of revenues for the fiscal year ending June 30, 1975, with the Governor,

the President of the Senate and the Speaker of the House of Representatives. Petitioner challenges the Board's pre-legislative estimate on the theory that the Board's inclusion of the State's estimated share of the Federal funds contravenes Article X, § 23 of the Constitution of Oklahoma.

Article X, § 23, Const., provides in part: "* * * prior to the convening of each regular session of the Legislature, *the State Board of Equalization shall make an itemized estimate of the revenues to be received by the State under the laws in effect at the time such estimate is made, for the next ensuing fiscal year showing separately the revenues to accrue to the credit of the General Revenue Fund and each special fund of the State,* and the total amount of such estimate for such fiscal year shall not exceed the total revenue which accrued to each such fund for the last preceding fiscal year, to which amount shall be added the cash surplus, if any, from such preceding fiscal year in the hands of the State Treasurer to the credit of any such fund and not previously appropriated by the State Legislature at the time such estimate is made. Such estimate shall be filed with the Governor, the President of the Senate and the Speaker of the House of Representatives. *The Legislature shall not pass or enact any bill, act or measure making an appropriation of money for any purpose until such estimate is made and filed, unless the State Board of Equalization has failed* to file said estimate at the time of convening of said Legislature, then, in such event, it shall be the duty of the Legislature to make such estimate pursuant to the provisions of this amendment, *and all appropriations made in excess of such estimate shall be null and void*; * * *" (Emphasis ours)

Petitioner argues that the pre-legislative estimate made by the Board is invalid unless made in strict compliance with the above Constitutional provision; and that the Federal grant of money to the State, the "Revenue Sharing Act of 1972", is not revenue in contemplation of § 23, supra, and must not be included in the Board's estimate. The force and effect of Petitioner's argument is that the Board's estimate must be restricted to State generated revenues as distinguished from Federal generated revenues.

The Federal "Revenue Sharing Act of 1972" was enacted in October, 1972. See Fiscal Assistance to State and Local Governments, [Public Law 92–512], 31 U.S.C. A. § 1221 et seq. Under that enactment, a "Trust Fund" was created and an appropriation was made to that fund for certain periods, beginning January 1, 1972, and ending December 31, 1976. Allocations are to be made to each State for each entitlement period from the amounts appropriated and the amount allocable to a State is to be determined by a prescribed formula. Each State is to provide for the expenditure of the funds received only in accordance with the laws and procedures applicable to the expenditure of its own revenues.

In January, 1973, the Oklahoma Legislature created in the State Treasury a fund known as the "Federal Revenue Sharing Fund", in which all Federal Revenue Sharing receipts, including interest earned thereon, shall be deposited. See *62 O.S. Supp.1973, § 277.1,* which became effective January 29, 1973. By creating the "Federal Revenue Sharing Fund" the Legislature segregated the Federal Revenue Sharing Funds from those in the General Revenue Fund.

Two Board members voted against including the Federal funds in the estimate apparently on the grounds that receipt of such funds by the State was too uncertain. The parties agree that neither the amount of the Board's estimate nor the advisability of including the Federal funds in the estimate because of the uncertainty of receipt are issues in this proceeding. They do agree that the sole issue presented is whether the Board could constitutionally include the Federal funds in its estimate. In other words, are the provisions of § 23, supra, applicable to only State generated funds or do the provisions also apply to

Federal generated funds appropriated to the State under the provisions of the Federal "Revenue Sharing Act of 1972"?

Petitioner argues that the State receives numerous Federal grants for its programs, such as Welfare, Education, Highways, Health and others, and the Board has never included such grants in its official estimates.

The issue presented in these proceedings involve only the Federal funds in question. We do note, however, that the Board's minutes of November 28, 1972, show that the Board estimated that the State would receive Federal Revenue Sharing Funds in the amount of $22,531,342.00, during the fiscal year ending June 30, 1974, and included such funds in its pre-legislative estimate for that fiscal year.

The Federal "Revenue Sharing Act of 1972" is not an allocation of revenues to a State for a specific purpose but the funds received by the State are to be spent as determined by the Legislature and can only be spent by Legislative appropriation.

We now turn to the crucial issue presented and that is whether the Federal funds fall within the purview of § 23, supra.

Under the provision of the Federal "Revenue Sharing Act of 1972" the funds are allocated to each State and in Oklahoma the funds are deposited in its "Federal Revenue Sharing Fund". Article 5, § 55, of the Constitution requires an appropriation of these funds by the Legislature before expenditure. Also, § 23, supra, provides that the Legislature shall not pass or enact any bill, act or measure making an appropriation of money for any purpose until the Board's estimate is filed, and all appropriations made in excess of such estimate shall be null and void.

Query: If the Board does not have the Constitutional authority to include the Federal funds in its estimate, at what time may the Legislature appropriate such funds and what restrictions are placed upon the Legislature in appropriating the Federal funds?

In our opinion, the restrictions imposed upon the Legislature by § 23, supra, in appropriating State generated funds are also applicable upon the Legislature in appropriating the Federal funds in question. Since such restrictions are applicable, it necessarily follows that the funds in question constitute "revenues to be received by the State under the laws in effect at the time such estimate is made", are within the purview of § 23, supra.

This is substantiated by the fact that there is no language in § 23, supra, which limits its application to only State laws or State generated revenues.

Considering the decisional law relating to why § 23, supra, was originally adopted in 1941 as a Constitutional Budget Balancing Amendment, and the clear import of the language employed, we hold that the Board had the Constitutional authority to include in its estimate for the fiscal year ending June 30, 1975, the amount the Board estimated the State would receive from the Federal funds for that fiscal year.

Application to Assume Original Jurisdiction granted; Application for Writ of Prohibition denied.

All the Justices concur.