The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Must money deposited in the General Fund by state boards, agencies and commissions be subjected to appropriations process pursuant to Article V, Section 55
of the Oklahoma Constitution ? 2. Must money collected or received by the state boards, agencies and commissions as relates to federal funds be deposited in the General Fund and appropriated pursuant to Article V, Section 55 of the Oklahoma Constitution? In response to your first question, Article V, Section 55 of the Constitution of the State of Oklahoma specifically provides: "No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriations act, and every such law making a new appropriation, or continuing or receiving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum." This provision has been construed as a self-executing absolute prohibition against expenditures of state funds without proper authorization through the process of appropriation. Woods v. Board of Equalization, Okla., 517 P.2d 430 (1973); Bretts v. Commissioner of Land Office, 17 Okla. 64, 110 P. 766
(1910). The term "appropriation" was originally construed by the Oklahoma Supreme Court in case of Meneffe v. Askew,25 Okla. 623, 107 P. 159 (1910), as the "setting apart formally or officially for special use or purposes" of public funds. See also State ex rel. Hawkins v. The Oklahoma Tax Commission, Okla. 462 P.2d 536 (1969); Blaine v. Oklahoma Funding Bond Commission, 193 Okla. 1, 140 P.2d 740
(1943); Peters v. State, 56 Okl.Crim. 95, 34 P.2d 286
(1934). Attempts to vest state officers or agencies with the power to collect or control funds in unascertainable amounts for undefined purposes have repeatedly been rejected. Ex Parte Pope, 33 Okla.Crim. 5, 242 P. 290
(1925); State ex rel. Perkins v. Sneed, 143 Okla. 142,287 P. 1021 (1929); Wells v. Childers, 196 Okla. 353, 165 P.2d 371
(1945); Compare, Reeves v. State, 36 Okl.Crim. 186,256 P. 510 (1927). It is, therefore, evident that before money may be paid out of the State Treasury, a valid appropriation specifying the sum and purposes for the expenditure must be made. Consequently, your first question is answered in the affirmative. In response to your second question, 62 O.S. 74 [62-74] (1971) designates the State Treasurer of the State of Oklahoma as the official depository for "all moneys and funds . . . that may be received by any state officer, state board, state commission or by any employee of either such officer, board or commission by virtue or under color of office." Further, 62 O.S. 41.8 [62-41.8] (1979) provides that: "Federal funds received by any agency of the State shall be deposited in the State Treasury and disbursed upon warrants issued by the State Treasurer and shall be subject to the other fiscal controls imposed by this act, except where federal laws and/or regulations of the federal agencies which make such funds available to the State requires federal funds to be granted, deposited, allocated or expended through channels other than those required by the provisions of this act." It is evident that the Legislature intended federal funds to be subjected to the same fiscal controls as funds generated in the state process. This opinion does not address the constitutionality per se of funds over which the federal government exerts control after payment to the state by directing the manner in which those funds are allocated. The Supreme Court in Woods v. State Board of Equalization, supra, expressly held that federal revenue sharing funds were subject to the state's appropriation process. Furthermore, in view of the clear constitutional policy examined in response to your first question, it is evident that general funds paid into the state treasury, collected from whatever source, may be spent only pursuant to an appropriation authorizing such expenditure of such general funds. A similar treatment of public funds was held in Shapp v. Sloan, 391 A.2d 595 (Pa. 1978), wherein the Pennsylvania Supreme Court held that so long as Federal Law Enforcement Administration funds were not directed from the purposes intended by the Congress, state appropriations controls may be validly exercised. The United States Supreme Court permitted this reading to remain in force and dismissed the appeal for want of substantial federal question. Thornburgh v. Casey,99 S. Ct. 1415 (1979). Consequently, a state may exert its fiscal controls procedure or funds within its control, regardless of the source of those funds. Therefore, the answer to your second question is in the affirmative. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. Money deposited into the general fund by the state boards, agencies and commissions must be subjected to the appropriations process pursuant to Article V, Section 55
of the Oklahoma Constitution. 2. Money collected or received by the state boards, agencies and commissions as relates to unrestricted federal funds must be deposited in the General Fund and appropriated pursuant to Article V, Section 55 of the Oklahoma Constitution. (STEPHEN F. SHANBOUR) (ksg)